T.C. Summary Opinion 2006-89


UNITED STATES TAX COURT


KEITH M. FELDER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12794-05S.                    Filed May 25, 2006.


Keith M. Felder, pro se.

<u>Gordon P. Sanz</u>, for respondent.



DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code of 1986, as amended.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

The petition in this case was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. Pursuant to section 6330(d), petitioner seeks review of respondent's determination proposing levy action with respect to his income tax liability for 2001. The issue for decision is whether respondent's determination to proceed with collection action was an abuse of discretion.

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Friendswood, Texas.

Petitioner filed a Federal income tax return for 2001 reporting as zero, wages, total income, and adjusted gross income, yet claiming a refund of $13,049.60 of Federal tax withheld. He attached to the return a statement containing tax protester arguments. Respondent sent to petitioner a letter advising him that the document he had sent as a Federal tax return was frivolous and was subject to the frivolous return penalty under section 6702. Respondent also sent to petitioner a so-called 30-day letter proposing for 2001 adjustments to income and an addition to tax under section 6651 for failure to file timely.

On December 10, 2003, respondent issued to petitioner a statutory notice of deficiency, Letter Number 3219 (SC/SG), determining for 2001 a deficiency and additions to tax. On March 2, 2004, petitioner sent a letter to the Internal Revenue Service Center at Ogden, Utah, in which he stated that he was responding to "your Letter 3219 (SC/SG) dated 12/10/2003." In his "response" to the notice of deficiency, petitioner expressed his refusal to submit to "any IRS jurisdiction by responding to your claim letter".

Petitioner timely replied to respondent's notice of intent to levy by requesting a hearing at the Internal Revenue Service (IRS) Office of Appeals. Enclosed with his request for a hearing was a document entitled "Keith M. Felder's Offer to Pay" (Offer). Contained in the Offer is petitioner's personal view of why he is not subject to Federal income tax.

Petitioner subsequently sent to the IRS on March 28, 2005, a Form 1040, U.S. Individual Income Tax Return, for 2004 that was intended to be a revised Federal tax return for 2001. The form reported interest, capital gains, IRA distributions, and adjusted gross income, but no wages. He requested a refund of $17,217.19 in Federal tax withheld.

Petitioner also provided respondent with a Form 1040X, Amended U.S. Individual Income Tax Return, for 2001 dated March 28, 2005, that reverted to reporting zero adjusted gross income,

and claimed a refund of $18,915.07.  Petitioner attached to the Form 1040X three Forms 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, Etc.  Each of the Forms 4852 from Solomon Smith Barney, Inc., E Trade Securities, Inc., and Digital Island, Inc., was signed by petitioner, and reported wages as zero.

Petitioner replied to an Appeals offer of a telephonic conference, declining the conference and stating that he had documented his position that he was not an "employee" who had received "wages", citing section 3401(a) and (c).

## Discussion

Section 6330 provides that no levy may be made on a taxpayer's property or rights to property unless the Secretary has notified him of his right to request a hearing with the IRS Office of Appeals before the levy is made.  The taxpayer requesting the hearing may raise any relevant issue with regard to the Commissioner's intended collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection.  Secs. 6320(b) and (c), 6330(c); see Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).

The taxpayer may raise challenges "to the existence or amount of the underlying tax liability", however, only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B). The hearing officer is not, however, required to consider failure or refusal to comply with tax laws due to moral, religious, political, Constitutional, conscientious or similar grounds. Sec. 601.106(b), Statement of Procedural Rules.

Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the Appeals officer for abuse of discretion. Sego v. Commissioner, supra at 609-610; Goza v. Commissioner, supra at 181-182.

The only issues communicated by petitioner to Appeals were "garden variety" tax protester arguments. Petitioner testified that the Forms 4852 showing zero wages that he submitted to the IRS were offered to "dispute and correct" the Forms W-2, Wage and Tax Statement, for 2001 sent by petitioner's employers to the IRS. When asked by the Court how Federal tax had been withheld if he had no wages, petitioner testified that tax was withheld from his "compensation". He further testified that he was not an employee or an independent contractor but was instead "a worker". As such, he concluded, the amounts reported by the payors of his

"compensation" were erroneously reported as wages.

Because petitioner received a statutory notice of deficiency for the year for which collection is at issue here, he may not raise his frivolous challenges to the existence or amount of the underlying tax liability. Sec. 6330(c)(2)(B). Petitioner did not raise any permitted argument with respect to spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, or alternative means of collection.

## Conclusion

Respondent's determination to proceed with collection action was not an abuse of his discretion.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing.

<u>Decision will be entered for respondent</u>.